## PROVIDENCE WASHINGTON INS. CO. v. BRADLEY FERTILIZER CO.

*(District Court, D. Rhode Island. February 13, 1888.)*

SHIPPING—GENERAL AVERAGE—JETTISON—DECK-LOAD.

An under-deck cargo of fish-scrap, on a coasting voyage, is not liable to contribute in general average for the jettison of a deck-load of oil in barrels, although there is a custom in the trade to carry oil in barrels on deck when the under-deck cargo consists of fish-scrap, and the owner of the under-deck cargo is chargeable with notice of such custom.

In Admiralty.

Libel in admiralty brought to recover, by subrogation, for a general average loss claimed to have been sustained by the jettison of a deck-load of barrels of oil, loaded on board schooner John H. Perry. The evidence showed that the schooner loaded at Tiverton an under-deck cargo of fish-scrap belonging to defendant, and insured by the Insurance Company of North America, and gave a bill of lading for its delivery in Weymouth, Massachusetts. The schooner also loaded a deck-load of barrels of oil belonging to Joseph Church & Co., insured by libelant, and billed to Gloucester, Massachusetts. For the purpose of showing that the defendant is chargeable with knowledge of the deck-load shipment, the libelant introduced evidence tending to show that Joseph Church & Co. were the agents of the defendant company to attend to the chartering of the vessel, and the shipping of the fish-scrap. There was also evidence tending to show that there is a custom, in the fish-oil and guano trade,

to ship oil on deck in barrels on coasting voyages, and that there is no settled custom as to whether such deck-load shall or shall not be entitled to contribution in general average, in case of loss on such voyages, the question being in doubt with shippers and insurers. The vessel sailed from Tiverton August 19, 1885, and thereafter stranded on Eldredge Shoal. To lighten ship, most of the oil was thrown overboard, and the vessel afterwards floated, and arrived at Gloucester August 23, 1885. The question argued was whether the under-deck cargo is liable to contribute in general average for the jettison of the deck-load.

*William G. Roelker*, for libelant.

· The right to contribution arises as matter of law, independent of any custom. The goods being properly on deck, under the custom of the trade, must be contributed for by all persons who embarked on the voyage, because they must be presumed to have had notice that, by virtue of the custom, goods might properly be shipped there. In this case the defendant had actual notice. *Wood* v. *Insurance Co.*, 1 Fed. Rep. 235, 8 Fed. Rep. 27; *The William Gillum*, 2 Low. Dec. 154; *Wright* v. *Marwood*, 7 Q. B. Div. 62; *Gould* v. *Oliver*, 4 Bing. N. C. 134; *Johnson* v. *Chapman*, 19 C. B. (N. S.) 563; *Harris* v. *Moody*, 30 N. Y. 266.

*Charles Theodore Russell, Jr.*, for defendant.

The general rule is that there is no liability to contribute in general average for the jettison of a deck-load. *Sturgis* v. *Cary*, 2 Curt. 382; 1 Story, Eq. Jur. § 490; *The Paragon*, 1 Ware, 326; *The Delaware*, 14 Wall. 579; 3 Kent, Comm. 240; *Wolcott* v. *Insurance Co.*, 4 Pick. 429; *Copper Co.* v. *Insurance Co.*, 22 Pick. 108; *Adams* v. *Insurance Co.*, Id. 163; *Smith* v. *Wright*, 1 Caines, 43; *Lenox* v. *Insurance Co.*, 3 Johns. Cas. 178; *Cram* v. *Aiken*, 13 Me. 229; *Sproat* v. *Donnell*, 26 Me. 185; *Doane* v. *Keating*, 12 Leigh, 391; *Triplet* v. *Van Name*, 2 Cranch, C. C. 332; *The Milwaukee Belle*, 2 Biss. 197; Abb. Shipp. (12th Ed.) 520; Lown. Av. (3d Ed.) 31; *Miller* v. *Tetherington*, 6 Hurl. & N. 278. Where the carriage of the deck-load is justified by general usage, the rule has been extended so as to allow the shipper to recover contribution for its jettison against the ship-owner only on the ground that he consented to such carriage, and received freight for it. *Gould* v. *Oliver*, 4 Bing. N. C. 134; *Gould* v. *Oliver*, 2 Man. & G. 208; *Johnson* v. *Chapman*, 19 C. B. (N. S.) 563; *Wright* v. *Marwood*, 7 Q. B. Div. 62; *The Watchful*, Brown, Adm. 469; *The May & Eva*, 6 Fed. Rep. 628; *Hazleton* v. *Insurance Co.*, 12 Fed. Rep. 159; *The William Gillum*, 2 Low. Dec. 154. *Wood* v. *Insurance Co.*, 1 Fed. Rep. 135, 8 Fed. Rep. 27, is sustainable on the ground that the shippers received the benefit of reduced freights on the deck-load, and so must be assumed to have taken the risk of contribution. If usage can be invoked to increase the legal obligations of under-deck cargo, it must be not merely a usage to carry deck-load, but a usage to pay for its jettison. *Seccomb* v. *Insurance Co.*, 10 Allen, 305; *Dickinson* v. *Gay*, 7 Allen, 29, and cases above cited.

CARPENTER, J. I shall not refer to the evidence further than to say that I find as a fact, for the purposes of this case, that there is a custom in the trade to carry oil in barrels on deck, in coasting voyages, when the under-deck cargo consists of fish-scrap, and that the defendant is chargeable with knowledge of this custom. The question, then, is whether the existence of this custom is to be held to impose a liability to contribute on the under-deck cargo. After mature consideration I am

satisfied that it cannot be so held. I see no consideration moving to the shippers of the under-deck cargo which could furnish an equitable ground for the imposition of increased liability on them. Where a custom exists, as in this case, to carry a particular kind of goods on deck under particular circumstances I think the shippers of under-deck cargo might be so far affected as that they could not maintain any claim for the increased risk resulting from such shipment. But I can see no reason why their rights and liabilities should be otherwise affected. There will be a decree dismissing the libel, with costs.